Argued February 7, affirmed February 26, 1969

## STATE OF OREGON, *Respondent, v.*
## TERRY LEE BROWN,
*Appellant.*

450 P. 2d 755

*Keith Rodman,* Eugene, argued the cause and filed a brief for appellant.

*Ralph T. Aldave,* Deputy District Attorney, Eugene, argued the cause for respondent. On the brief were John B. Leahy, District Attorney, and Robert K. Naslund, Deputy District Attorney, Eugene.

Before SLOAN, Presiding Justice, and GOODWIN and HOLMAN, Justices.

PER CURIAM.

Defendant appealed from a conviction of burglary not in a dwelling. The only claim of error is that the evidence was insufficient to sustain a conviction.

Defendant, together with another person, was found in a drugged condition at the scene of a one-vehicle

accident. A large quantity of drugs was found in the vehicle and strewn about the scene. These drugs had been taken in a burglary of a pharmacy the day before. Defendant claims this evidence is insufficient to connect him with the burglary.

It is unnecessary to decide whether the unexplained possession of drugs taken in a burglary performed the day before was alone sufficient to sustain a conviction for burglary. There was other circumstantial evidence tending to connect the defendant with the crime. Two persons had been seen performing the burglary while using a black and white Oldsmobile automobile. One of the men had a decided limp and was larger than the other. The vehicle involved in the accident was a black and white Oldsmobile. The person at the scene of the accident, other than the defendant, had a pronounced limp and was larger than defendant. The smaller man observed in the burglary had brown hair, as did defendant. No fingerprints were found at the place of the burglary but cloth imprints were observed. Cotton gloves were found in the vehicle. At the scene of the accident defendant was observed at several different times attempting to secrete the drugs by throwing them into the brush, burying them, or placing them under rocks.

We are of the opinion the evidence was sufficient to sustain the conviction. The judgment of the trial court is, therefore, affirmed.